GEORGE DOUGHERTY, Respondent, v. T. McALPINE, Appellant.

No. 1339; October 25, 1867.

**Taxation.—A Street Assessment, Levied and Collected** under the taxing power, is essentially a tax as to the property assessed, and the act authorizing the enforcement of its payment is constitutional.

**Taxation.—Taxes Do not Draw Interest Unless by Some Express** statutory provision to that effect, and there is no difference in this respect between general taxation and the species known as assessments.

APPEAL from Fourth Judicial District, San Francisco County.

O. L. Lane for respondent; R. P. & J. Clement for appellant.

SAWYER, J.—Action for street assessment in San Francisco. We think the demand appears to have been made by a party authorized to make it, and that plaintiff shows a right to recover as assignee. On the second point, that the work was not finished according to contract, we find nothing to take the case out of the principle adopted in Emery v. Bradford, 28 Cal. 86, and several subsequent cases. That part of the act authorizing the enforcement of payment of the assessment against the property benefited is constitutional. The assessment is levied and collected under the taxing power, and is, as to the property assessed, essentially a tax. The action is brought to enforce the collection of a species of tax: Emery v. Bradford, 29 Cal. 83; Emery v. San Francisco Gas Co., 28 Cal. 345; Hendrick v. Crowley, 31 Cal. 473. Taxes do not draw interest, unless there is some special statutory provision authorizing it: Perry v. Washburn, 20 Cal. 350. There is no difference in this respect between general taxation, and that species of public burdens or taxes known by the name assessments. They are not embraced in the terms of the general statute of this state upon the subject of interest. Our attention has not been called to any provisions requiring the payment of interest. The judgment is, therefore, erroneous in giving interest and must in this particular be modified.

The district court is directed to modify its judgment, by deducting the amount allowed for interest, and entering judgment, for the amount of the assessment, and costs of the court below. Further ordered, that appellant have judgment for costs of this appeal.

We concur: Sanderson, J.; Rhodes, J.; Currey, C. J.